# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**FRED EDGIN**  **PLAINTIFF**
**ADC #138700**

v.  No: 1:15-cv-00114 BSM-PSH

**JAGDISH SHAH**[1]  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

### I. Introduction

Plaintiff Fred Edgin filed a *pro se* complaint on October 7, 2015, and an amended complaint on November 17, 2015, naming Dr. Shah as a defendant, among others. *See* Doc. Nos. 2 & 6. The other defendants have since been dismissed. *See* Doc. Nos. 58, 69,

---

[1] The Clerk of Court is directed to change the style of this case to reflect the correct full name of Defendant Shah as reflected in his motion to dismiss (Doc. No. 90).

83 & 93. As to Dr. Shah, Edgin alleges constitutional violations based on medical treatment provided by Dr. Shah at the Bowie County Correctional Center ("BCCC") in Texarkana, Texas.[2] According to the docket sheet for this case, the United States Marshal served Defendant Dr. Shah via certified mail on December 21, 2015. *See* Doc. No. 20. Because Dr. Shah did not timely file an answer or any other responsive pleading, this Court entered an Order to Show Cause, directing the U.S. Marshal to serve Dr. Shah at the BCCC (Doc. No. 85). The U.S. Marshal returned the summons unexecuted with an explanation that Dr. Shah does not work at the BCCC. *See* Doc. No. 86. The Court then attempted service of an Order to Show Cause at Dr. Shah's professional office giving Dr. Shah fourteen days to file a response explaining why the Clerk should not enter default against him pursuant to Federal Rule of Civil Procedure 55(a). *See* Doc. No. 87. The Order to Show Cause was successfully served, and Dr. Shah filed a response and a motion to dismiss for lack of personal jurisdiction, insufficient service, and failure to state a claim upon which relief may be granted (Doc. No. 90). Plaintiff subsequently filed a response to Dr. Shah's motion to dismiss (Doc. No. 93). Because the Court agrees that this Court lacks personal jurisdiction over Dr. Shah, it does not reach Dr. Shah's other arguments.

## II. Legal Standard

Dr. Shah moves to dismiss Edgin's complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). "[T]he party asserting jurisdiction bears the burden of establishing a prima facie case." *Steinbuch v. Cutler,* 518 F.3d 580,

---

[2] At the time of such treatment, Edgin was an inmate in the custody of the Arkansas Department of Correction but was housed at the BCCC.

585 (8th Cir. 2008). The Eighth Circuit Court of Appeals has described the applicable burden of proof as follows:

> To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subjected to jurisdiction within the state. Once jurisdiction ha[s] been controverted or denied, [the plaintiff] ha[s] the burden of proving such facts." *Block Indus. v. DHJ Indus., Inc.,* 495 F.2d 256, 259 (8th Cir. 1974) (internal citation omitted). The plaintiff's "'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id.* at 260.

*Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004).

"A federal court may exercise jurisdiction 'over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution.'" *Cutler,* 518 F.3d at 585 (quoting *Dakota Indus., Inc. v. Ever Best Ltd.,* 28 F.3d 910, 915 (8th Cir. 1994)). Because Arkansas's long-arm statute confers jurisdiction to the fullest constitutional extent, the Court need only examine whether the exercise of personal jurisdiction in this case comports with due process. *Id.*

> Due process requires "minimum contacts" between a non-resident defendant and the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291-92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The minimum contact inquiry focuses on whether the defendant purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws.
>
> The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414-15, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state. *Keeton v. Hustler Magazine, Inc.,*

3

> 465 U.S. 770, 779, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The plaintiff must make a prima facie showing, however, that the defendant's contacts were not "random," "fortuitous," or "attenuated." *Id.* at 774, 104 S.Ct. 1473. Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

*Id.* at 585-86.

The Eighth Circuit has instructed courts to consider the following factors when resolving a personal jurisdiction inquiry, affording the first three primary importance: "1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties." *Id.*

### III. Analysis

Dr. Shah asserts that he has no contacts with the State of Arkansas sufficient to allow this Court to exercise personal jurisdiction over him. Dr. Shah filed an affidavit with his motion to dismiss in which he avers that he resides in Texas, is a medical doctor licensed in Texas, and only provides medical services in Texas. Doc. No. 91-1 at 1. He swears that he has never lived in Arkansas or been licensed to practice medicine in Arkansas. *Id.* He states that he does not conduct any business in Arkansas. *Id.* Dr. Shah further states that he is contracted through LaSalle Southwest Corrections ("LaSalle") to provide medical services at the BCCC in Texarkana, Texas, two times per month. *Id.* at 2. Dr. Shah's medical practice is located in Bonham, Texas.

Edgin does not dispute that Dr. Shah is not licensed to practice medicine in Arkansas, does not practice medicine in Arkansas, and does not conduct business in Arkansas. He does not allege that Dr. Shah treated him in Arkansas, and admits that the treatment about which he complains took place at the BCCC in Texarkana, Texas. He argues, however, that Dr. Shah does business with Arkansas patients through his contract with LaSalle. Edgin does not allege that LaSalle is an Arkansas company or describe its contacts with the State of Arkansas.

Thus, Edgin is an inmate in the Arkansas Department of Corrections but was treated by Dr. Shah at the BCCC while housed in Texas. Accordingly, the question for the Court is whether Dr. Shah has sufficient minimum contacts with the State of Arkansas solely by virtue of his treatment of Arkansas inmates incarcerated in a Texas prison.

The Court found no case directly on point. However, in a case involving the transport of prisoners from Missouri to Tennessee, the United States District Court for the Western District of Missouri found that the Tennessee defendant had "purposefully availed himself of the privilege of conducting activities within Missouri" by entering into contracts with a county in Missouri to transport prisoners to and from the county jail. *See Cantrell v. Extradition Corp. of America*, 789 F. Supp. 306, 311 (1992). The court found that the Tennessee defendant had also personally gone to Missouri to transport prisoners two or three times. *Id.* Similar facts are not present in this case; there is no proof in the record that Dr. Shah contracted with the State of Arkansas. Further, his only contact with Edgin occurred at a prison in Texas.

The uncontroverted statements and affidavit submitted by Dr. Shah demonstrate that he did not purposely avail himself of the privilege of conducting activities within Arkansas or invoke the benefits and protections of its laws. The five-part test for determining the sufficiency of a defendant's contacts within this forum is not satisfied, and the record does not support a finding that this Court has jurisdiction over Dr. Shah.

## IV. Conclusion

For the reasons stated herein, Dr. Shah's motion to dismiss (Doc. No. 90) should be GRANTED and this case be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 29th day of November, 2017.

_____
UNITED STATES MAGISTRATE JUDGE